```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VICTOR JOSE,                                           )
                                                       )
                         Plaintiff,                    )    AMENDED COMPLAINT
                                                       )
        -against-                                      )    JURY TRIAL DEMANDED
                                                       )
THE CITY OF NEW YORK; POLICE OFFICER                   )    16 Civ. 2940 (AT)
MICHAEL BROSNAN, Shield No. 1760; POLICE               )
SERGEANT CHRISTIAN FLORES, Shield No.                  )
0752; JOHN DOE # 1; JOHN DOE # 2; JOHN                 )
DOE # 3; JOHN DOES; and RICHARD ROES,                  )
                                                       )
                         Defendants.                   )
------------------------------------------------------------X
```

## **PRELIMINARY STATEMENT**

1.      This is a civil rights action in which the plaintiff VICTOR JOSE seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York.  Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## **JURISDICTION**

2.      This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on April 16, 2015, within 90 days of the incident at issue herein.  More than 30 days have elapsed since service of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7. Plaintiff was at all times relevant herein a resident of the State of New York, New York County.  Plaintiff is Latino.

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks

incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9.      Defendants BROSNAN, FLORES, JOHN DOE # 1, JOHN DOE # 2, JOHN DOE # 3, and JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK.  Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants BROSNAN, FLORES, JOHN DOE # 1, JOHN DOE # 2, JOHN DOE # 3, and JOHN DOES are sued individually.

10.     Defendants FLORES and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command.  Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW

3

YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants FLORES and RICHARD ROES are sued individually.

## STATEMENT OF FACTS

11. On January 21, 2015, at approximately 2:00 p.m., Plaintiff was standing on the sidewalk near 1427 University Avenue, Bronx, NY.

12. Plaintiff saw a friend of his, who was in a car, and went over and shook his friend's hand in greeting.

13. Plaintiff and his friend did not exchange anything with each other – they just shook hands.

14. A police van pulled in front of Plaintiff's friend's car, and JOHN DOE # 1 and JOHN DOE # 2 - on information and belief Defendants BROSNAN and FLORES - got out of it.

15. One of and JOHN DOE # 1 or JOHN DOE # 2 grabbed Plaintiff without cause or justification, and asked Plaintiff if he had any contraband, and illegally searched Plaintiff.

16. Plaintiff had no contraband on him of any sort.

17. Plaintiff was then held at that location for approximately ten minutes.

18. One of JOHN DOE # 1 or JOHN DOE # 2 searched Plaintiff's friend's car and, on information and belief, found some drugs in the car.

19. JOHN DOE # 1 and JOHN DOE # 2 handcuffed Plaintiff, and Plaintiff's friend.

20. After being held handcuffed at the location for an additional approximately ten minutes, JOHN DOE # 1 and JOHN DOE # 2 picked Plaintiff up and put him into the police van.

21. Plaintiff had had a surgery on his right knee on January 8, 2015, and on January

21, 2015 had a hard cast and brace on his right leg from that surgery, and was walking with a cane.

22. Plaintiff was held in the van at the scene for an additional approximately twenty minutes.

23. Plaintiff was very uncomfortable in the van because of the cast and brace on his leg.

24. JOHN DOE # 1 and JOHN DOE # 2 took Plaintiff to a local police precinct, on information and belief the NYPD 44th Precinct.

25. At the precinct, Plaintiff was asking why he had been arrested, and telling another officer there, JOHN DOE # 3, that he had not done anything wrong.

26. JOHN DOE # 3 asked Plaintiff if he had anything under his shorts, and then proceeded to pull Plaintiff's shorts down and look down his shorts, without any possible justification, in the middle of the lobby of the precinct.

27. Plaintiff was then placed into a holding cell, where he was held for the next approximately two hours, during which time he was never told why he had been arrested.

28. Plaintiff then was given a summons or a Desk Appearance Ticket (DAT), signed by Defendant BROSNAN, falsely charging him with possession of marijuana, and requiring him to appear in Criminal Court.

29. Plaintiff had to walk home from the precinct, which caused him pain to his recuperating knee.

30. Plaintiff appeared in Criminal Court on March 26, 2015, and the false charge(s) were dismissed in their entirety.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

31.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

32.     By their conduct and actions in stopping plaintiff, searching plaintiff, seizing plaintiff, falsely arresting and imprisoning plaintiff, assaulting and battering plaintiff, strip searching plaintiff, maliciously prosecuting plaintiff, abusing process against plaintiff, trespassing upon plaintiff, violating rights to equal protection of plaintiff, violating rights to due process of plaintiff, fabricating evidence / false statements against plaintiff, endangering plaintiff's health and welfare, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he received at the hands of other defendants, Defendants BROSNAN, FLORES, JOHN DOE # 1, JOHN DOE # 2, JOHN DOE # 3, JOHN DOES and/or RICHARD ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

33.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

34. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

35. By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants FLORES and RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

36. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

37. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

38. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

39. At all times material to this complaint, defendant THE CITY OF NEW YORK,

acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

40.	At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

41.	At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops, searches, arrests, and issuances of summonses, which are implemented disproportionately upon people of color.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

42.	As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

43.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

44.     The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

45.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

46.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

47.     By the actions described above, defendants caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

48. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW

49. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

50. By the actions described above, defendants violated plaintiff's rights to equal protection of law. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

51. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### ABUSE OF PROCESS

52. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

53. By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding

detriment to plaintiff which was outside the legitimate ends of the process.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

54. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

## MALICIOUS PROSECUTION

55. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

56. By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

57. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

## TRESPASS

58. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

59. The defendants willfully, wrongfully and unlawfully trespassed upon the person of plaintiff.

60. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

### INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

61. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

62. By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused emotional distress to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

63. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

### NEGLIGENCE

64. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

65. The defendants, jointly and severally, negligently caused injuries, emotional

distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

66. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

67. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

68. Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

69. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRTEENTH CLAIM

### CONSTITUTIONAL TORT

70. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

71. Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 11 and 12 of the New York State Constitution.

72. A damages remedy here is necessary to effectuate the purposes of §§ 6, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

73. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:		New York, New York
		October 7, 2016

					_____/S/_____
					JEFFREY A. ROTHMAN, Esq.
					315 Broadway, Suite 200
					New York, New York 10007
					(212) 227-2980

					Attorney for Plaintiff